UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLANDO DIAZ,

Plaintiff,

-against-

NYC DEPARTMENT OF HOUSING SECTION (8),

Defendant.

25-CV-7771 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging a violation of his right to "have [a] home." (ECF 1 at 2.) The Court construes the complaint as asserting claims, under 42 U.S.C. § 1983. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief, and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**BACKGROUND**

Plaintiff brings this complaint against the "New York City Department of Housing (Section 8)." The following facts are drawn from the complaint and attachments to it.[1] Plaintiff contends that in 2014, he was approved for "public housing;[2] at some point, that benefit was "change[d]"to Sec[t]ion 8," but he never received a Section 8 housing voucher. (ECF 1 at 8.) Also attached to the complaint is a July 30, 2025 letter from a building management company

[1] The Court quotes from Plaintiff's complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise. Plaintiff's handwriting is difficult to read, and he appears uses a mix of English and Spanish words.

[2] The Court assumes that Plaintiff means that he was offered an apartment by the New York City Housing Authority ("NYCHA").

addressed to an individual named Nadine Harris ("Harris"), residing at 204 Manhattan Avenue, Apartment 2A, New York, New York, 10025, where Plaintiff resides. (*Id.* at 2, 9.) That letter states that: (1) Harris, the resident of record, failed to comply with a lease requirement that she recertify her income and family composition; (2) as a result, her housing subsidy had been terminated as of July 1, 2025; and (3) if Harris did not submit the requisite recertification documents within ten days, she would be responsible for paying the full monthly rent or possibly be subject to eviction proceedings. (*Id.*)

Other attachments to the complaint include: (1) one page from a 2022 discrimination complaint Plaintiff filed with the United States Department of Housing and Urban Development ("HUD"); (2) a 2022 letter from NYCHA informing Plaintiff that his application for public housing had expired and that he needed to reapply; and (3) a letter purportedly written by Harris and Plaintiff to "Building Management" complaining about poor apartment conditions and describing Harris's physical ailments. (*Id.* at 10-16.) Plaintiff does not explain his relationship with Harris. He appears to seek money damages. (*Id.* at 12.)

Plaintiff filed two other complaints in this court that are somewhat related to this matter.[3] In *Diaz v. Domestic Violence Agny. NYC*, No. 26-CV-06855 (S.D.N.Y. filed Aug. 11, 2026) ("*Diaz II*"), Plaintiff names the New York City Department of Housing (Section 8) and the "Domestic Violence Agency NYC," and alleges that: (1) in January 2026, Defendants "pull[ed] him out of [Harris's] apartment because her daughter, Chakina, falsely accused him of domestic violence; (2) on February 2, 2026, Chakina and a masked man threatened Plaintiff with a pistol; and (3) in July 2026, the police falsely arrested him and destroyed his personal property. ECF 1

[3] *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (explaining that the court may take judicial notice of court documents).

at 2, 5-6. The allegations in *Diaz v. Chakina*, No. 26-CV-6597 (S.D.N.Y. filed July 30, 2026) ("*Diaz III*"), also arise from the February 2, 2026 pistol incident. ECF 1. Attached to that complaint is a notice directing Plaintiff to appear in criminal court on a menacing charge, and an order of protection directing Plaintiff to stay away from Harris. *Id.* at 8-11.

## DISCUSSION

### A. "New York City Department of Housing (Section 8)"

There is no agency known as the "New York City Department of Housing (Section 8)." Under the Section 8 program, HUD contracts with local public housing authorities ("PHAs") to monitor and administer the vouchers, and the New York City Department of Housing, Preservation, and Development ("HPD") is the PHA for the City of New York. *See Junior v. City of New York, Housing Pres. and Dev. Corp.*, No. 12-CV-3846 (PAC), 2013 WL 646464, at *2 (S.D.N.Y. Jan. 18, 2013) (citing regulations). The Court therefore construes the complaint as asserting a claim against HPD.

In federal court, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*.") (emphasis in original.) Under New York City's Charter, agencies of the City of New York cannot be sued in the name of the agency, unless state law specifies otherwise. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." ). HPD does not have the power to sue and be sued in its own name. *See Chelsea Hotel Owner LLC v. City of New York*, No. 21-CV-3982 (ALC) (RWL), 2022 WL 4625446, at *5 (S.D.N.Y. Sept. 30, 2022). Accordingly, the Court dismisses any claims Plaintiff is asserting

against HPD for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. City of New York**

It may be Plaintiff's intention to sue the City of New York. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[4] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Hannan v.*

[4] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

*Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

Plaintiff alleges no facts suggesting that a New York City policy, custom, or practice caused a violation of his constitutional rights. The Court therefore dismisses any claims Plaintiff is asserting against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Claims under 42 U.S.C. § 1983

#### 1. Right to housing claim

Plaintiff alleges a violation of his right to "have [a] home." (ECF 1 at 2.) There is no right under the United States Constitution to housing benefits or to assistance with obtaining housing. *See generally Lindsey v. Normet*, 405 U.S. 56, 74 (1972) ("We do not denigrate the importance of decent, safe, and sanitary housing. But the Constitution does not provide judicial remedies for every social and economic ill. We are unable to perceive in that document any constitutional guarantee of access to dwellings of a particular quality. . . . Absent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions."). Thus, under federal law, the government has no general "obligation to provide adequate housing." *Richardson v. City of New York*, No. 12-CV-2545 (WHP), 2013 WL 2124176, at *2 (S.D.N.Y. Apr. 17, 2012) (internal quotation marks and citation omitted).

The Court therefore dismisses Plaintiff's claim that his right to housing was violated for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Due process claim**

(i) Plaintiff's Section 8 voucher

The Court construes Plaintiff's complaint as asserting a claim under Section 1983 for a violation of his right to due process. "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest . . . and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (to state a procedural due process claim under Section 1983, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law"). Section 8 housing benefits are property interests subject to procedural due process protections. *See A.S. v. Been*, 228 F. Supp. 3d 315, 317 (S.D.N.Y. 2017) ("A termination of [Section 8 voucher payments] or voucher holders' participation in the program constitutes a deprivation [of property interests] that would entitle them to procedural safeguards."); *Hardee v. City of New Rochelle Section 8 Hous. Agency*, No. 18-CV-11215 (VB), 2019 WL 3564550, at *4 (S.D.N.Y. Aug. 6, 2019) (same).

When evaluating whether the process that a plaintiff received satisfied the Constitution, courts distinguish between claims based on established state procedures and claims based on random, unauthorized acts by state employees. *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). If the deprivation is based on "established state procedure," the state can typically predict when it will occur and must offer a pre-deprivation hearing. *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006). If the deprivation is random and unauthorized, the existence of a meaningful post-deprivation remedy satisfies due process. *Rios v. Town of Huntington Hous. Auth.*, 853 F. Supp. 2d at 338.

New York provides a meaningful post-deprivation remedy in the form of a proceeding in state court pursuant to Article 78 of the New York Civil Practice Law and Rules. N.Y. C.P.L.R. §§ 7803, 7804; *see also Locurto v. Safir,* 264 F.3d 154, 174 (2d Cir. 2001) ("An Article 78 proceeding permits a petitioner to submit affidavits and other written evidence, and where a material issue of fact is raised, have a trial of the disputed issue, including constitutional claims."); *Campo v. New York City Employees' Ret. Sys.,* 843 F.2d 96, 101 (2d Cir. 1988) ("Article 78 'provides the mechanism for challenging a specific decision of a state administrative agency.'").

The allegations in Plaintiff's complaint are insufficient to give rise to a viable due process claim. According to Plaintiff, he was approved for public housing in 2014, and at some point that "changed" to entitlement to a benefit under Section 8, but he allegedly never received Section 8 voucher. (ECF 1 at 5-6.) Plaintiff fails to explain what has occurred since that time, and it is not clear whether he followed up with NYCHA or HPD regarding the housing benefits he claims to have been offered, or whether he pursued available remedies either administratively or in state court. The Court cannot, based on the few facts provided in the complaint, evaluate the plausibility of Plaintiff's due process claim, including whether he had a property interest in a Section 8 voucher and, if so, how or whether he was deprived of that interest. Plaintiff thus does not allege facts sufficient to show that he was denied procedural due process in connection with his own interest in a Section 8 voucher, and such claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

(ii) Harris's Section 8 voucher

Plaintiff may be asserting a due process claim arising from Harris's Section 8 voucher. "In every federal case, the party bringing the suit must establish standing to prosecute the

action." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126-28 (2014). One requirement for standing, based on "prudential limitations," is "that an individual assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *DiPizio v. Empire State Dev. Corp.*, 745 F. App'x 385, 387 (2d Cir. 2018) (summary order); *O'Diah v. New York City Dep't of Housing*, No. 21-MC-577, 2021 WL 1176222, at *5 (E.D.N.Y. Mar. 28, 2021) (holding that the plaintiff lacked standing to assert a claim on behalf of another).[5]

Plaintiff might have standing to assert a due process claim arising from Nadine Harris' Section 8 voucher if he is a family member and resided with her as an "authorized tenant." *See Greene v. Carson*, 256 F. Supp. 3d 411, 425 n.8 (S.D.N.Y. 2017) (citing regulations defining "tenant" as "an individual or a family renting or occupying an assisted dwelling unit"); *cf. Been,* 228 F. Supp. 3d at 318 (holding that, under the Violence Against Women Act and the HPD Administrative Plan, a wife alleging domestic violence had a "sufficient interest in her husband's voucher" to warrant due process protection). Plaintiff fails to explain his relationship to Harris or plead fact showing that he was an authorized tenant, and thus he does not meet his burden of

---

[5] As a *pro se* litigant, Plaintiff cannot assert claims on behalf of Harris. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself*." Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). And "because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Only Plaintiff signed the complaint, and he has alleged no facts suggesting that he is an attorney. He cannot, therefore, assert any claims on behalf of Harris.

demonstrating standing to assert a due process claim in connection with Harris's Section 8 voucher.[6]

**D. Claims under state law**

A federal district court may decline to exercise supplemental jurisdiction of any claims arising under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of her claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E. Leave to replead**

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42-43 (2d Cir. 1988). In light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to replead his claims in an amended complaint should there be additional facts to support a due process claim.

[6] The Court notes that, according to allegations in Plaintiff's other complaints, he was forced to leave Harris's apartment by court order. *Diaz II*, No. 26-CV-06855, ECF 1 at 2, 5-6; *Diaz III*, No. 26-CV-6597, ECF 1 at 11.

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing an intake form. A flyer with details is attached.[7]

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter a judgment dismissing this action.

The Court directs the Clerk of Court to hold this matter open on the docket until a judgment is entered.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

[7] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)